UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH KEEGAN HAAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0090-CVE-SH |
| ) | |
| CHEROKEE NATION TRIBE CHIEF, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On March 10, 2023, plaintiff Joseph Keegan Haas filed a pro se complaint (Dkt. # 1), and a motion to proceed in forma pauperis (Dkt. # 2). The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff alleges that on March 16, 2021, "Cherokee Nation issued a [w]arrant/[b]ond for $500,000[] for a [v]iolation of [p]rotective [o]rder and [a]ssault and [b]attery." Dkt. # 1, at 3. Plaintiff argues that the "[b]ond from

Cherokee Nation Tribe is a clear [v]iolation [of] [his] 8th Amendment right," for which he seeks "$500,000[] in [p]unitive damages" from Cherokee Nation. Id. at 3-4.

Plaintiff's suit is against Cherokee Nation, which has sovereign immunity and is not subject to suit in this Court absent congressional authorization or tribal waiver. See Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc., 523 U.S. 751, 755 (1998) ("[A]n Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity."). Plaintiff has not identified any congressional basis for subject matter jurisdiction, and the Court is unaware of any such statute. Further, there is no indication that Cherokee Nation has waived its sovereign immunity. Therefore, the Court lacks subject matter jurisdiction and the matter must be dismissed.

The Court notes that, while all of the allegations in the complaint are against Cherokee Nation Tribe, plaintiff names "Cherokee Nation Tribe Chief" in the case caption. Even if plaintiff's allegations were against the Chief of Cherokee Nation rather than the sovereign Cherokee Nation, tribal sovereign immunity would still apply. A plaintiff may not avoid tribal sovereign immunity by naming individual tribal officers as defendants, because "the interest in preserving the inherent right of self-government in Indian tribes is equally strong when suit is brought against individual officers of the tribal organizations as when brought against the tribe itself." Native American Distributing v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1296 (10th Cir. 2008). A tribal official sued in his official capacity is entitled to sovereign immunity to the extent the relief sought by the plaintiff would run against the Tribe itself. Fletcher v. United States, 116 F.3d 1315, 1324 (10th Cir. 1997). However, a tribal official does not possess sovereign immunity from suit if it is alleged that he is acting outside the scope of the authority delegated to him by the Tribe. Burrell v. Armijo, 456

F.3d 1159, 1174 (10th Cir. 2006). In addition, the Tenth Circuit has found that the exception to state sovereign immunity under Ex Parte Young, 209 U.S. 123 (1908), also applied to tribal sovereign immunity. Crowe & Dunlevy P.C. v. Stidham, 640 F.3d 1140, 1154-55 (10th Cir. 2011). In Ex Parte Young, the Supreme Court created an exception to Eleventh Amendment immunity under which a state official could be sued for prospective injunctive relief based on the fiction that such a claim was not seeking relief directly against a state. The Court finds that neither of these exceptions to sovereign immunity would apply to plaintiff's case.

Even if plaintiff's allegations were against a tribal individual, the allegations concern Cherokee Nation's official law enforcement powers and right of self-government. As such, it would be against a tribal official in his official capacity and, therefore, the tribal official would still be entitled to sovereign immunity. Further, as plaintiff's complaint seeks punitive damages for the alleged past harm, not prospective relief against tribal officials, the Ex Parte Young exception would be inapplicable. Therefore, plaintiff's claim is barred by tribal sovereign immunity. The Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over his claims.

**IT IS THEREFORE ORDERED** that plaintiff's complaint (Dkt. # 1) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted** and he does not owe the filing fee.

**DATED** this 14th day of March, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE